13-2689-cv
*Aioi Nissay Dowa Insurance Co. v. ProSight Specialty Management Co.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fourteen.

PRESENT:

>JOSÉ A. CABRANES,
>GERARD E. LYNCH,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

―――――――――――――――――――――――――――

AIOI NISSAY DOWA INSURANCE CO. LTD.,

>*Plaintiff-Counter Defendant-Appellee,*

>v.                                                    No. 13-2689-cv

PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC.,
NEW YORK MARINE AND GENERAL INSURANCE COMPANY,
GOTHAM INSURANCE COMPANY,

>*Defendants-Counter Claimaints-Appellants.*

―――――――――――――――――――――――――――

**FOR PLAINTIFF-APPELLEE:**            THOMAS F. BUSH (Patrick Frye, Edwards Wildman Palmer LLP, Chicago, IL; Peter R. Chaffetz, Cecilia F. Moss, Chaffetz Lindsey LLP, New York, NY, *on the brief*), Edwards Wildman Palmer LLP, Chicago, IL.

**FOR DEFENDANTS-APPELLANTS:**            MICHELE L. JACOBSON (Andrew S. Lewner, Derek I. A. Silverman, *on the brief*), Stroock & Stroock & Lavan LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Defendants appeal from a June 24, 2013 judgment of the District Court in favor of plaintiff following a bench trial. The central issue in this dispute is the scope of plaintiff's obligations to defendants under aviation reinsurance contracts that defendants purchased from a reinsurance pool, of which plaintiff was a member. These contracts were triggered in the wake of the aviation losses associated with the 9/11 terrorist attacks, eventually resulting in this breach of contract action. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

On appeal from a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *See Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67 (2d Cir. 1999). Mixed questions of law and fact are likewise reviewed *de novo*. *See Connors v. Conn. Gen. Life Ins. Co.*, 272 F.3d 127, 135 (2d Cir. 2001).

### I. Interrelated Contracts Doctrine

Defendants first argue on appeal that the District Court erred in its construction of the relevant agreements by failing to apply the "interrelated contracts doctrine," under which separate writings must be read and interpreted together when they form part of the same transaction. *Commander Oil Corp. v. Advance Food Serv. Equip.*, 991 F.2d 49, 53 (2d Cir. 1993). Defendants contend that, when read together, the "excess of loss" reinsurance contracts (the "XOL Contracts") and the "reinstatement premium protection" contracts (the "RPP Contracts") are best understood as equivalent to each participant in the reinsurance pool effectively having its own, single contract with defendants.

2

It is well settled, however, that even where separate agreements are meant to be construed together, the "primary objective" in contract interpretation "is to give effect to the intent of the parties as revealed by the language they chose to use." *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992); *see also* 11 Williston on Contracts § 30:26 (4th ed.) ("The rule that separate writings executed at the same time and relating to the same subject matter are to be considered together and construed as a single contract is to be employed only to give effect to the intention of the parties . . . ."). In rejecting defendants' argument, the District Court noted that plaintiff's interpretation of the RPP Contracts—under which plaintiff was responsible only for 48 percent of the total amount of reinstatement premiums that defendants actually paid—best comported with the parties' intent, even assuming the relevant provisions were meant to be read in conjunction with the XOL Contracts. In any event, the District Court also found that the RPP Contracts were negotiated as independent, separately-priced transactions, and were not intended to function as an amendment or supplement to the XOL Contracts, a finding inconsistent with defendant's claim that the RPP and XOL Contracts were intended to be interrelated. These conclusions were neither clearly erroneous findings of fact nor misapplications of law.[1]

## II. Commutations as Reinstatement Premium Payments

Defendants next contend that, even under plaintiff's interpretation of the RPP Contracts, they should prevail. According to defendants, the "commutation" agreements with the other participants in the reinsurance pool—whereby defendants were paid a lump sum, in exchange for which the two reinsurers who executed the commutations were discharged of their obligations under all the reinsurance contracts among the parties—included the payment of reinstatement premiums under the XOL Contracts.

The District Court rejected that argument, finding that the commutations were mere cancellations of the contracts, not settlements of claims. After careful review, we agree. As the District Court noted, defendants owed no reinstatement premiums to the other participants at the time of the commutations, and plaintiff never viewed the commutations in the fashion now advanced by defendants. We also reject defendants' argument that the commutations comprised reinstatement premium payments in the form of accelerated potential future obligations. The

---

[1] In a related vein, defendants argue that the District Court failed to consider relevant extrinsic evidence—namely, that four other insurers had rejected plaintiff's interpretation of identical RPP Contracts. Yet the probative value of this evidence is suspect, insofar as the supposedly corroborating interpretations may amount to self-serving readings made solely in the course of litigation, and even assuming that the District Court failed to consider this evidence, its failure was at most harmless.

3

commutations consisted of a lump sum, which was based on a variety of considerations and amounted to substantially less than defendants' internal estimates of its net recoveries. Indeed, at the time the commutations were executed, defendants did not present a claim to plaintiff for indemnity of the reinstatement premiums allegedly paid in the context of these commutations.

## III. Measure of Damages

Defendants' final challenge on appeal is that the District Court relied upon a flawed definition of the phrase "covered loss" in the stipulated formula for calculating the amount of reinstatement premiums defendants owed under the XOL Contracts. According to defendants, the amount of "covered loss" should have been limited to the total amount that was actually recouped from the reinsurance pool—*i.e.*, the amount paid only by plaintiff as a result of the commutations with the other reinsurers. Under the District Court's interpretation, however, "covered loss" reflected the total amount paid to an airline to a settle an underlying claim, which was unaffected by the commutations with the reinsurers.

In our view, the District Court's understanding reflects the more natural reading of "covered loss." Based on the language in the parties' contracts, the term encompasses the total amount that could have been claimed under the XOL Contracts as a result of the payment of underlying claims, rather than the sum actually paid by plaintiff under the XOL Contracts following the commutations. As to defendant's argument that this reading creates an "internal inconsistency" with the RPP Contracts, we disagree. Because the XOL and RPP Contracts are different contracts with different language, the calculation of amounts owing under them can differ.

## CONCLUSION

We have considered all of defendants' arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the June 24, 2013 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4